## MANHATTAN BRASS CO. v. GILLMAN.

(City Court of New York, General Term. May 27, 1898.)

APPEAL—REVIEW—DENIAL OF AMENDMENT.

> In an action upon a promissory note, in which the answer set up merely a general denial, the court sustained the plaintiff's objection to testimony on the part of the defendant to show lack of consideration, on the ground that it had not been specially pleaded. The defendant thereupon moved to amend his answer, and to withdraw a juror. *Held*, that both motions were within the sound discretion of the trial judge, and that his denial of them would not be disturbed on appeal.

Appeal from trial term.
Action by the Manhattan Brass Company against Edward R. Gillman. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. For opinion on former appeal, see 46 N. Y. Supp. 685.
Argued before CONLAN and SCHUCHMAN, JJ.

Henry C. Bryan, for appellant.
Baggott & Ryall, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the direction of a verdict in favor of the plaintiff, and from an order denying a motion made by the defendant for a new trial. The action is one brought on a promissory note, and the defense is a general denial. The plaintiff made his proof by offering the promissory note and the notice of protest in evidence. The defendant objected generally, stating no ground of his objection. This was not sufficient, and brings up nothing for review. Plaintiff then rested, and the defendant moved to dismiss the complaint, without stating any ground, or calling the court's attention to any error or omission, which motion was properly denied. Defendant's counsel then called defendant as a witness, and attempted to show that the note was without consideration. This was objected to by plaintiff's counsel at folio 37, as follows: "I object at the outset on the ground that an attempt to prove want of consideration or failure of consideration is not within the pleadings, that the defense is a general denial, and submit that the defense of want of consideration should be specifically pleaded." The objection was sustained. Defendant then moved to amend his answer and to withdraw a juror. Both motions were denied, and, as they were within the sound discretion of the trial

judge, will not be disturbed on appeal.    We find nothing in the record that warrants the reversal of the judgment, and it must therefore be affirmed.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.